IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHIDE MAVINGIDI INTILA,

    Petitioner,

v.                                       Civ. No. 26-336 SMD/GBW

WARDEN DORA CASTRO, *et al.,*

    Respondents

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc. 1*) and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (*doc. 7*).  United States District Judge Sarah Davenport referred this case to the undersigned under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  *Doc. 5*.  Having reviewed the briefings and the law, the undersigned RECOMMENDS that Respondents' Motion to Dismiss (*doc. 7*) be GRANTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc. 1*) be DISMISSED WITHOUT PREJUDICE.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Rachide Mavingidi Intila is an Angolan native who has been present in the United States since February 4, 2025.  *Doc. 7-1* at ¶¶ 4-5; *doc. 8* at 1.  Petitioner entered the United States without inspection or authorization and was immediately detained and subjected to expedited removal proceedings.  *Doc. 7-1* at ¶ 5; *doc. 8* at 1.  Petitioner claimed fear of return to Angola, and on or about February 24, 2025, Enforcement and Removal Operations ("ERO") referred him to U.S. Citizenship and Immigration Services ("USCIS") for a Convention Against Torture ("CAT") screening.  *Doc. 7-1* at ¶ 8.  On March 6, 2025, USCIS determined that Petitioner's fear was credible, and it was more likely than not that he would be tortured if returned to Angola.  *Id.* at ¶ 9; *doc. 8* at 1.

On or about August 25, 2025, Petitioner officially submitted an asylum application.  *Doc. 7-1* at ¶ 11; *doc. 8* at 1.  The Executive Office of Immigration Review ("EOIR") set the case for a final merits hearing on December 12, 2025.  *Doc. 7-1* at ¶ 11; *doc. 8* at 1.  On or about September 17, 2025, Petitioner was notified that his final merits hearing was being advanced to October 15, 2025.  *Doc. 7-1* at ¶ 12; *doc. 1* at 11.  Petitioner endeavored to compile evidence for his hearing but was limited due to his continued detention.  *Doc. 8* at 1.

On October 15, 2025, the Immigration Judge ("IJ") denied Petitioner's asylum application and ordered him removed to Angola.  *Doc. 7-1* at ¶ 13.  Petitioner filed a timely appeal to the Board of Immigration Appeals ("BIA").  However, the BIA rejected

2

the appeal on procedural grounds because the filing included an incorrect address for proof of service on Immigration and Customs Enforcement ("ICE").[1]  *Doc. 1* at 9. Petitioner was instructed to correct his appeal and resubmit it to the BIA along with an accompanying "Motion to Accept Late Appeal."  *Id.*  Petitioner refiled his appeal on December 2, 2025, but did not submit the supplemental Motion to Accept Late Appeal as required.  *Id*. at 15.  Accordingly, on January 8, 2026, Petitioner's appeal was summarily dismissed and the IJ's decision became final.  *Id.* at 15-16.

On February 9, 2026, Petitioner filed his Writ of Habeas Corpus in this Court. *Doc. 1*.  Respondents submitted their Motion to Dismiss on March 4, 2026.  *Doc. 7*. Petitioner submitted a "Motion to the Judge" *(doc. 8)* on March 23, 2026, which the undersigned construes as a Response to the Motion to Dismiss.

## II.     LEGAL STANDARD

### a.  Federal Habeas Jurisdiction

Federal courts only possess jurisdiction over matters as authorized by the U.S. Constitution and statute.  *Gunn v. Minton*, 568 U.S. 251, 256-57 (2013).  28 U.S.C. § 2241 grants district courts the authority to grant writs of habeas corpus, and district courts may entertain petitions pursuant to § 2241 in relation to immigration cases.  *Ochieng v.*

---

[1] The specific rejection states that the wrong proof of service was placed on line #13.  *See doc. 1* at 9. However, the standard appeal form, EOIR-26, requires the proof of service address at line #12.  *See* https://www.justice.gov/eoir/file/eoir26/dl (last visited April 8, 2026).  This appears to be an error on the part of the BIA.  *See doc. 1* at 15 (stating that a Notice of Appeal (Form EOIR-26) was submitted to the BIA on November 14, 2025).

*Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008).  However, the Tenth Circuit has clarified that district courts' habeas jurisdiction is limited regarding orders of removal.  *See Thoung v. United States*, 913 F.3d 999, 1001-02 (10th Cir. 2019) ("[T]he REAL ID Act imposes substantial limitations on judicial review, including habeas review, of final orders of removal.").  Removal orders may be challenged only by way of a petition for review filed in the court of appeals.  8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal").  Accordingly, if a District Court determines that a habeas petition is ultimately seeking to invalidate a final order of removal, the Court must dismiss for lack for subject matter jurisdiction.  *See Thoung*, 913 F.3d at 1005.

### b. Ripeness Doctrine

"The ripeness doctrine involves both constitutional requirements and prudential concerns."  *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019).  Constitutional ripeness arises from Article III's requirement that federal courts consider only cases or controversies.  *Id.*  Federal courts do not have the power to render advisory opinions.  *Id.*  As such, whether a claim is ripe for review bears on a court's subject matter jurisdiction.  *Auto-Owners Ins. Co. v. Bolt Factory Lofts Owners Ass'n*, 823 F. App'x 686, 690 (10th Cir. 2020) (quoting *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995)).

Even when Article III's "case or controversy" requirement is met, the Court must still consider the prudential ripeness doctrine.  Prudential ripeness turns on two factors: (1) whether the issue is fit for judicial review and (2) the hardship to the parties from withholding review.  *Cabral*, 926 F.3d at 693; *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990).  As to the first factor, a claim is not ripe for adjudication if it is based on "contingent future events that may not occur."  *Cabral*, 926 F.3d at 693 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  The second factor considers whether the challenged action creates "a direct and immediate dilemma" for the parties. *United States v. Bennett*, 823 F.3d 1316, 1327 (10th Cir. 2016) (citation omitted).

## III.   ANALYSIS

Respondents urge the Court to dismiss the Petition on two independent grounds: (1) the Court lacks subject matter jurisdiction, and (2) Petitioner fails to state a claim upon which relief can be granted.  *Doc. 7* at 1-2.  Because the undersigned determines that the Court lacks subject matter jurisdiction, the second ground is not addressed.

### a.  The Issue of Petitioner's Detention is Not Yet Ripe

Petitioner is subject to a valid final removal order as of January 8, 2026, and is detained under 8 U.S.C § 1231(a).  *Doc. 7-1* at ¶ 14; *doc. 7* at 1.  *See also Demore v. Hyung Joon Kim*, 538 U.S. 510, 523 (2003) (recognizing "detention during deportation proceedings as a constitutionally valid aspect of the deportation process").  Although Petitioner has allegedly been detained since February of 2025, *see doc. 8* at 1, under the

terms of 8 U.S.C. § 1231 and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), his detention is not ripe for review.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This period of time is the "removal period." *Id.* The removal period begins on the latest of: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed, and the court orders a stay of removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *Id.* § 1231(a)(1)(B). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2).

Here, the applicable start for the removal period was when Petitioner's removal order became administratively final, meaning when the BIA affirmed the removal order, or when the time to file an appeal expired. 8 U.S.C. § 1101(a)(47)(B)[2]; *see also Izbitski v. Carnes*, 2026 WL 102974, at *6 (D.N.M. Jan. 14, 2026); *Anyimu v. Dep't of Homeland Sec.*, 2017 WL 193180, at *2 (D. Kan. Jan. 18, 2017). The BIA dismissed

---

[2] 8 U.S.C. § 1101(a)(47)(B) discusses the term "order of deportation." An "order of deportation" is the same as an "order of removal." *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 n.5 (10th Cir. 2007) ("In 1996, when the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) amended the relevant statutes, the term 'order of removal' replaced 'order of deportation' throughout most, but not all, of the United States Code. The two terms are coterminous when interpreting the statute.") (internal citations omitted).

6

Petitioner's appeal and made his removal order a final administrative order on January 8, 2026.[3] *Doc. 7-1* at ¶ 14.  Accordingly, the 90-day removal period expired April 8, 2026.

Although the initial 90-day removal period expired, the government may continue to detain an "inadmissible" noncitizen beyond the statutory removal period.  8 U.S.C. § 1231(a)(6).  Petitioner is "inadmissible" because he entered the United States without being admitted or paroled.  *See doc. 7-1* at ¶ 5; 8 U.S.C. § 1182(a)(6)(A)(i).  Under *Zadvydas*, the detention of an alien subject to a final order of removal is presumptively reasonable for up to six months.  533 U.S. at 701.  Accordingly, Petitioner's detention under his removal order is presumptively reasonable until July 8, 2026, and any challenge to his detention is not yet ripe.  *See Cabral*, 926 F.3d at 693 ("a claim is not ripe for adjudication if it is based on contingent future events that may not occur.").

### b.   The Court Lacks Subject Matter Jurisdiction to Address Petitioner's Other Claims

While Petitioner is nominally challenging his detention, *see doc. 8* at 3, his petition entirely focuses on the alleged procedural deficiencies he experienced while pursuing his asylum application.  *See generally docs. 1, 8*.  Specifically, Petitioner alleges (1) he was

---

[3] Even though the final administrative order was issued on January 8, 2026, Respondents assert that the 90-day removal period will not expire until April 19, 2026.  *Doc. 7* at 1.  This appears to be because ICE did not receive approval of travel documents for the Angolan consulate until January 19, 2026.  *Id.* at 2.  Respondents provide the Court with no authority to support the assertion that Petitioner's removal order should have been considered "administratively final" on January 19 instead of January 8.  The issue is currently of little consequence, as regardless of the date, Petitioner's detention claim is not yet ripe.  However, the undersigned construes the true date the order became administratively final to be January 8, 2026.  *See doc. 7-1* at ¶ 14; 8 U.S.C. § 1101(a)(47)(B).

not allowed to present evidence at his asylum hearing; (2) the IJ asked only if he had paid his asylum application fees, which DHS officials denied despite Petitioner's having proof of payment;[4] and (3) that his corrected appeal to the BIA was only late because of difficulties sending and receiving mail in detention.  *Doc. 8* at 1-2.

While the undersigned does have concerns about the sufficiency of Petitioner's asylum hearing, and notes that his appeal to the BIA was denied based on procedural deficiencies rather than the merits, *see doc. 1* at 15, petitioning the District Court for writ of habeas corpus is not the appropriate method of obtaining relief.

Any claims Petitioner brings regarding the evidence at his asylum hearing are properly raised by an appeal to the BIA and then, if necessary, to the Tenth Circuit Court of Appeals.  *See Sarr v. Gonzales*, 474 F.3d 783, 789 (10th Cir. 2007) ("If the IJ's ruling is adverse to the applicant, he may seek review by the BIA.  If the BIA ruling is adverse to the applicant, he may seek review in [the Circuit Court].") (internal citations omitted).[5]  Therefore, this Court does not have subject matter jurisdiction to address concerns about the sufficiency of Petitioner's asylum hearing.

This Court also does not have the power to address the timeliness of Petitioner's appeal.  Petitioner's appeal of the IJ's decision was denied by the BIA on timeliness

---

[4] Petitioner's initial asylum fee was processed on October 4, 2025, eleven days before his asylum hearing. *Doc. 1* at 13.

[5] Under 8 U.S.C. § 1252(b)(1), immigration petitioners have thirty days from "the final order of removal" to file a petition for review in a circuit court.

grounds.  *See doc. 1 at 15.*  The BIA "retains jurisdiction over a motion to reconsider its dismissal of an untimely appeal to the extent that the motion challenges the finding of untimeliness or requests consideration of the reasons for untimeliness."  *Matter of Lopez*, 22 I&N Dec. 16, at *17 (BIA 1998).[6]  As such, any motion for reconsideration of Petitioner's appeal is within the sole province of the BIA.

Finally, this Court does not have the ability to address Petitioner's removal order.  Removal orders may be challenged only by way of a petition for review filed in the Court of Appeals.  8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal").

Accordingly, the undersigned finds that Petitioner's habeas petition based on his detention is not yet ripe, and this Court does not have jurisdiction to address any deficiencies with his asylum hearing, the timeliness of his appeal, or his removal order.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (*doc. 7*) be GRANTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (*doc. 1*) be DISMISSED WITHOUT PREJUDICE.

---

[6] A motion to reconsider must be filed with the BIA within 30 days after the mailing of the BIA's decision. 8 C.F.R. § 1003.2(b)(2).  Accordingly, Petitioner would also have to move for the BIA to accept his late filings.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**